Thomas A. Aurelio, J.
This is an article 78 proceeding by 10 tenants to review an order of the State Rent Administrator who on protest reversed the order of the Local Rent Administrator and directed the issuance of certificates of eviction effective three months from January 28,1958.
The subject premises is a 27-apartment building in two sections and the certificates are sought under subdivision a of section 58 of the State Rent and Eviction Regulations for the purpose of recovering possession so that the building may be demolished and a new structure erected which will consist of 82 self-contained units.
Many of the apartments in the building were and are presently vacant and four of the tenants who had agreed to vacate were not party to the proceedings before the Rent Office.
The landlord submitted plans and specifications approved by the Department of Housing and Buildings as well as evidence of financial responsibility to proceed with construction.
Tenants do not question the evidence of the landlord on these points, but contend that the application is premature in that even if certificates of eviction were issued the landlord could not completely demolish the structure until November 30, 1958, as he cannot obtain possession of the entire building in that the tenant of apartment 2WA, which is located in a separate wing of the building, who is not a party to these proceedings, is in possession of those accommodations under a five-year lease which does not expire until that date.
Landlord’s architect in charge of its plans for the demolition and construction stated that they contemplated the demolishing of this two-section building in stages without affecting the occupancy of the tenant in possession under the lease and that he would be continued to be furnished with all the services he had received in the past.
Petitioners contend that it is against public policy to permit the granting of certificates of eviction for purposes of demolí *863 tion of residential premises while a residential tenant has the legal right to remain in possession. They further contend that landlord’s expert could cite no prior case authorizing demolition in stages affecting residential premises and that the only instances cited were those which involved office buildings. Their attorneys’ affidavits set forth the claim that they have been advised by the Department of Housing and Buildings that under no circumstances will a certificate of demolition be granted for a residential apartment house when there are tenants in the building.
The finding of the Bent Administrator as to good faith and financial ability to carry out the proposed project in accordance with subdivision a of section 58 of the regulations is not challenged. That section does not require the obtaining of a certificate of demolition as a condition for the granting of a certificate of eviction. Despite the conflicting testimony on this point, it cannot be said that the determination herein authorizing landlord to proceed with demolition in stages, notwithstanding the occupancy of the tenant in 2WA under the unexpired lease, was not entirely consistent with the intent and purposes of local rent laws and regulations which recognize the continued existence of a serious housing shortage and seek to alleviate that condition by the creation of additional housing units. There is ample warrant in the record to support such a determination. The finding which in effect would encourage the construction of an 82-apartment premises in place of one containing 27 units, despite the occupancy of one tenant who is not even a party to this proceeding, cannot here be said to be arbitrary, capricious or unreasonable.
The petition is dismissed.